UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADAM S. ADELSON and RICKI ADELSON,<br><br>Plaintiffs,<br><br>v.<br><br>ENTERPRISE CAR RENTAL, COLM J. DUNPHY, COLM DUNPHY MANAGEMENT CORPORATION, THE HARTFORD INSURANCE COMPANY, JOHN DOE I-X AND ABC CORP. 1-X,<br><br>Defendants. | Civ. No. 17-2209 (KM) (JBC)<br><br>OPINION |

### KEVIN MCNULTY, U.S.D.J.:

Plaintiffs Adam S. Adelson and Ricki Adelson (the "Adelsons") are residents of New Jersey who allege that they were injured in a traffic collision in Amherst, Massachusetts. The driver of the other car, defendant Colm Dunphy ("Dunphy"), is a resident of Massachusetts. The owner or lessee of the car is defendant Colm Dunphy Management Corporation ("Dunphy Corp."), a business located in Massachusetts.

Now before the Court is the motion of Dunphy and Dunphy Corp. under Fed. R. Civ. P. 12(b)(2) to dismiss the complaint for lack of personal jurisdiction. Because they have no ties to New Jersey, the motion is granted.

### I. BACKGROUND

Plaintiffs, the Adelsons, are New Jersey citizens, residing in Haworth. Defendant Enterprise Car Rental ("Enterprise", not involved in this motion) is a company with its "place of business" in Tulsa, Oklahoma. Defendant Hartford Insurance Company ("Hartford", also not involved in this motion) is the Adelsons' personal injury insurer. Defendant Dunphy is a resident of Milton,

1

Massachusetts. Defendant Dunphy Corp. is a corporation with its "place of business" in Quincy City, Massachusetts.[1] (Compl. Parties ¶¶ 1–4)

On April 25, 2015, the Adelsons were riding in a car they had rented from defendant Enterprise. At the intersection of Lot 21 Access Road and Lot 31 Access Road in Amherst, Massachusetts, their car was T-boned by another car. That other car was driven by defendant Dunphy, and leased by Dunphy Corp., a business owned by Dunphy's father. The Adelsons suffered both personal injury and economic loss as a result of the crash. (Compl. Count 1)

The Adelsons filed the Complaint in this Court on April 3, 2017. Count 1 alleges a state-law claim of negligence against Dunphy and Dunphy Corp., as well as Enterprise. Count 2, directed solely at Hartford as personal injury insurer, seeks reimbursement.

## II. LEGAL STANDARDS AND DISCUSSION

### A. Personal Jurisdiction Standards

Once a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). Initially, a court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff. *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Where factual allegations are disputed, however, the court must examine any

---

[1] The Complaint says Maryland, an apparent mistake.

The Court's subject matter jurisdiction is founded on 28 U.S.C. § 1332(a). The Complaint alleges that the amount in controversy exceeds $75,000 and that Plaintiffs are defendants are citizens of different states. (Cplt. Jurisdiction and Venue ¶ 1) For present purposes, that is perhaps a sufficient allegation. The Complaint does make the common pleading error, however, of alleging the "residence" of the natural persons and the "place of business" of the corporations, rather than their citizenship. As to Hartford Insurance Company, it states only that the defendant is licensed to do business in New Jersey.

2

evidence presented. *See, e.g., Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155–56 (3d Cir. 2010) (examining the evidence supporting the plaintiff's allegations); *Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) ("'A Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.'") (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

The plaintiff "need only establish a prima facie case of personal jurisdiction." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). However, a plaintiff may not "rely on the bare pleadings alone" in order to withstand a motion to dismiss for lack of personal jurisdiction. "Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Patterson*, 893 F.2d at 604 (internal citations omitted); *Time Share Vacation Club*, 735 F.2d at 66 n.9.

To assess whether it has personal jurisdiction over a defendant, a district court must undertake a two-step inquiry. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998). First, the court is required to use the relevant state's long-arm statute to see whether it permits the exercise of personal jurisdiction. *Id.*; Fed. R. Civ. P. 4(k). "Second, the court must apply the principles of due process" under the federal Constitution. *WorldScape, Inc. v. Sails Capital Mgmt.*, Civ. No. 10–4207, 2011 WL 3444218 (D.N.J. Aug. 5, 2011) (citing *IMO Indus.*, 155 F.3d at 259).

In New Jersey, the first step collapses into the second because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales*, 384 F.3d at 96 (citing N.J. Ct. R. 4:4-4(c)). Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has

3

"'certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945)).

There are two kinds of personal jurisdiction that allow a district court to hear a case involving a non-resident defendant: general and specific. A court may exercise general jurisdiction over a foreign corporation where "the defendant's contacts with the forum are so 'continuous and systematic' as to render them essentially 'at home' in the forum state." *Senju Pharmaceutical Co., Ltd. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 435 (D.N.J. 2015) (citing *Daimler AG v. Bauman*, — U.S. —, 134 S. Ct. 746, 754 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, — U.S. —, 131 S. Ct. 2846, 2851 (2011); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868 (1984)).

In contrast to general jurisdiction, specific jurisdiction relies on the defendant's forum-related activities that give rise to the plaintiffs' claims. *See Helicopteros*, 466 U.S. at 414 n.8, 104 S. Ct. 1872. Establishing specific jurisdiction requires a three-part inquiry: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). The defendant need not be physically located in the state while committing the alleged acts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S. Ct. 2174 (1985). Nor is specific jurisdiction defeated merely because the bulk of harm occurred outside the forum. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780, 104 S. Ct. 1473 (1984). A single act may satisfy the minimum contacts test if it creates a substantial connection with the forum. *Burger King*, 471 U.S. at 476 n. 18, 105 S. Ct. 2174.

4

## B. Personal Jurisdiction in this Case

Here, the Adelsons have not established that this Court possesses general or specific personal jurisdiction over Dunphy and Dunphy Corp.

It is enough that the Complaint fails to allege any connection whatever between these defendants and the State of New Jersey. In addition, however, defendants submit the affidavit of Colm J. Dunphy, who is the father of defendant Dunphy and the owner of Dunphy Corp. He confirms that Dunphy Corp. is a corporation with its principal place of business in Quincy, Massachusetts. It manages several Massachusetts properties, but has no business dealings in the State of New Jersey. The automobile that defendant Dunphy was driving at the time of the accident was a leased company vehicle of Dunphy Corp. Both Dunphy, Sr., and defendant Dunphy are residents of Massachusetts and have no property or residence in New Jersey. (Affidavit of Colm J. Dunphy ("Dunphy Aff.", ECF no. 3-2)

In response, the Adelsons confirm the essential facts stated in the Dunphy Affidavit. Their response (ECF no. 4) mixes together the concepts of venue, subject matter jurisdiction, and personal jurisdiction, although only the latter is involved in this motion. It stresses that venue may be transferred in a proper case under 28 U.S.C. § 1404; that the plaintiffs are New Jersey residents; that their treating physicians and other medical providers are in New Jersey, and it would be inconvenient for them to testify in Massachusetts; that diversity jurisdiction is proper; and that the court has supplemental jurisdiction over claims not within the original subject matter of the court. For these reasons, the Adelsons argue, the motion to dismiss based on lack of personal jurisdiction should be denied.

Merely getting into a car accident with an out-of-state resident does not subject a person to personal jurisdiction in that foreign state. The proposition does not require extensive citation. Here the United States Court of Appeals for

5

the Third Circuit discusses a case brought by Pennsylvania residents against a Georgia defendant, based on an accident in Georgia:

> Here, Pennsylvania possesses neither general nor specific jurisdiction over Dyson. General jurisdiction does not exist because Dyson was not domiciled or present in Pennsylvania at the time of service, and he has not consented to suit there. Specific jurisdiction does not exist because Dyson, a Georgian, has not engaged in any activity that can be viewed as being aimed directly or indirectly at Pennsylvania by simply being involved in a motor vehicle collision in Georgia, even when it involves Pennsylvania passengers. Furthermore, there is no specific jurisdiction here because, by the mere act alone of driving along a Georgia interstate, Dyson could not have reasonably anticipated being haled into court in Pennsylvania.
>
> Accordingly, the District Court was correct in dismissing the instant action under Rule 12(b)(2) for lack of personal jurisdiction.

*Decker v. Dyson*, 165 F. App'x 951, 953 (3d Cir. 2006).[2]

Dunphy and Dunphy Corp. have no discernible connection to New Jersey, and they did not purposefully direct their activities toward New Jersey

---

[2] Pennsylvania's long-arm statute, like that of New Jersey, extends to the limits of due process. 165 F. App'x at 952.

The Adelsons' submission, as noted, includes venue in a list of concepts irrelevant to the motion. I do not regard that passing reference as a request for change of venue. Here, too, *Decker* is instructive:

> Under 28 U.S.C. § 1406(a), a district court, upon a motion or sua sponte, may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice. A district court has "broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir.1987) (ruling that a district court did not abuse its discretion in failing to order sua sponte a transfer under § 1406). Because Decker and Quine failed to move for a transfer before the District Court and provided no reasons why such a move would be in the interest of justice, we accordingly conclude that the court acted within its permissible discretion in refusing to issue such an order.

165 F. App'x at 954. Particularly where two other defendants are present in the case, I will not officiously transfer it to another forum *sua sponte,* in the absence of a motion directly addressing the relevant factors and requesting that relief.

and its citizens. The only connection to New Jersey is the happenstance that their car collided, in Massachusetts, with a car driven by a New Jersey resident. Accordingly, this Court lacks personal jurisdiction over defendants Dunphy and Dunphy Corp.

### III. CONCLUSION

For the foregoing reasons, the motion of Dunphy and Dunphy Corp. under Fed. R. Civ. P. 12(b)(2) to dismiss the complaint as against them for lack of personal jurisdiction is GRANTED.

An appropriate Order follows.

Dated: October 10, 2017

**HON. KEVIN MCNULTY, U.S.D.J.**